# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

STATE OF FLORIDA,

     **Plaintiff,**

v.                                  **Case No. 3:13cv593/MCR/CJK**

MICHAEL EARL BEASLEY,

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

     Defendant Michael Earl Beasley commenced this action on November 15, 2013, by filing a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1). Defendant seeks to remove the following six state court criminal prosecutions filed in the Circuit Court for Escambia County Florida: (1) *State of Florida v. Michael Earl Beasley*, Case No. 2012-CF-5533 (cruelty toward child), (2) *State of Florida v. Michael Earl Beasley*, Case No. 2013-CF-2081 (possession of marijuana, trespassing), (3) *State of Florida v. Michael Earl Beasley*, Case No. 2013-MM-1455 (trespassing), (4) *State of Florida v. Michael Earl Beasley*, Case No. 2013-MM-5196 (resisting arrest without violence, disorderly conduct) and (5) *State of Florida v. Michael Earl Beasley*, Case No. 2013-MM-190765 (offense unknown). (Doc. 1, p. 1 and Ex. A). After careful consideration of the record in this case, the undersigned

concludes that this Court lacks a proper basis for removal jurisdiction of any of the state court actions, and that the state court matters should be remanded to the court from which they were removed.

Defendant states as grounds for his removal that "there is a conflict of interest and a conspiracy has taken place; with the STATE ATTORNEY'S OFFICE & most if not all Judges that are employed by the First Judicial Circuit." (Doc. 1, p. 2). Defendant alleges that this conflict of interest arises because state court judges are employed by the State of Florida, which is the same "corporation" that is prosecuting him. (*Id.*). Defendant asserts that this conflict of interest violates his rights under the Sixth Amendment, the Due Process Clause and 18 U.S.C. § 242.[1] (*Id.*).

The federal removal statute governing the removal of criminal prosecutions provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

---

[1]Title 18 U.S.C. § 242 is a criminal statute.

A notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (*citing Georgia v. Rachel*, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966), *and City of Greenwood v. Peacock*, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)). First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Id*. (citation internal quotation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. *Id*. That a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). *Id*. (citation omitted).

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." *Id*. This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id*. (citation and internal quotation omitted). Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. *Id*. (*quoting*

*Georgia v. Rachel, supra*, 384 U.S. at 804). Under Section 1443(1),

> the vindication of the defendant's federal rights is left to the state
> courts except in the rare situations where it can be clearly predicted by
> reason of the operation of a pervasive and explicit state or federal law
> that those rights will inevitably be denied by the very act of bringing the
> defendant to trial in the state court.

*City of Greenwood v. Peacock, supra*, 384 U.S. at 828. Failure to satisfy either prong

of the two-pronged test is fatal to removal. *Williams v. State of Mississippi*, 608 F.2d

1021, 1022 (5th Cir. 1979).[2]

Defendant fails to satisfy the first prong of the removal test. Defendant's rights

under the Sixth Amendment and the Due Process Clause are not specific civil rights

couched in terms of racial equality, rather, they are broad constitutional guarantees

of general application. Thus, defendant's various rights under the Sixth Amendment

and his right to due process cannot serve as the basis for removal under Section 1443.

*See Johnson*, 421 U.S. at 219 ("Claims that prosecution and conviction will violate

rights under constitutional . . . provisions of general applicability . . . will not

suffice."); *Rachel*, 384 U.S. at 792 ("[D]efendants' broad contentions under the First

Amendment and the Due Process Clause of the Fourteenth Amendment cannot

support a valid claim for removal under § 1443, because the guarantees of those

clauses are phrased in terms of general application available to all persons or citizens,

rather than in the specific language of racial equality that § 1443 demands."); *State*

*of Mississippi v. McCollum*, 513 F.2d 285 (5th Cir. 1975) (constitutional right to a

speedy trial cannot serve as basis for removal under 28 U.S.C. § 1443); *Varney v.*

---

[2]Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to
September 30, 1981, are binding as precedent on the Eleventh Circuit. *Bonner v. City of Prichard*,
661 F.2d 1206, 1207 (11th Cir. 1981).

*State of Georgia*, 446 F.2d 1368, 1369 (5th Cir. 1971) (defendant's claims alleging violations of Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments had nothing to do with racial equality, therefore, removal was not proper under Section 1443(1)); *State of Georgia v. Spencer*, 441 F.2d 397, 398 (5th Cir. 1971) (Section 1443 applies only to rights granted in terms of racial equality; claims of rights under constitutional guarantees of free speech and due process will not support removal).

Defendant likewise fails to satisfy the second prong of the test for removal under Section 1443(1). As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial, or even that the defendant is unable to obtain a fair trial in a particular state court. *Alabama v. Conley*, 245 F.3d 1292, 1297 (11th Cir. 2001). Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights. *Id*. Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue. *See id.* at 1298. In the instant case, neither the Sixth Amendment, the Due Process Clause, nor 18 U.S.C. § 242 immunizes defendant from the state court prosecutions for cruelty toward a child, possession of marijuana, trespassing, resisting arrest without violence and disorderly conduct brought against him.

Section 1443(2) is equally unavailable since its provisions are limited to federal officers and those authorized to act for them or under them. *See Varney*, 446 F.2d at 1369 (*citing City of Greenwood v. Peacock*, 384 U.S. 808).

Summary disposition of the notice of removal is proper because, assuming *arguendo* that defendant could establish the validity of his Sixth and Fourteenth Amendment claims, neither of them provide a basis for removal under Section 1443. *See Varney*, 446 F.2d at 1369 (district court did not err in remanding case without conducting a hearing where, assuming *arguendo* that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal under Section 1443); *Spencer*, 441 F.2d at 398 (same).

Accordingly, it is respectfully RECOMMENDED:

1.  That the removal be VACATED as improper and the Clerk be directed to REMAND this case, which includes state court case numbers 2012-CF-5533, 2013-CF-2081, 2013-MM-1455, 2013-MM-5196 and 2013-MM-190765 to the Circuit Court for Escambia County, Florida.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 21st day of November, 2013.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).